**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONATHAN ARIEL GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1949-SLP |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Jonathan Ariel Gonzalez, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends that the Court deny the Petition. *See* R&R [Doc. No. 10] at 5-8. Petitioner filed an Objection [Doc. No. 11], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R to the extent it finds that Petitioner has failed to set forth a procedural due process claim and DENIES the Petition.

## I. Background

Petitioner, a citizen of Argentina, entered the United States on January 20, 2022, via a B-2 tourist visa. On May 7, 2026, Petitioner was detained by United States Immigration and Customs Enforcement (ICE). Petitioner was subsequently placed into removal proceedings.

After Petitioner was arrested, Petitioner requested a custody redetermination hearing. On May 26, 2026, an immigration judge found Petitioner had withdrawn the request. Prior to June 3, 2026, Petitioner requested a second custody redetermination hearing. Approximately June 3, 2026, Petitioner filed a motion to withdraw the request, which an immigration judge granted on June 16, 2026.[1]

On July 28, 2026, an immigration judge ordered Petitioner removed to Argentina. Petitioner waived his right to appeal the immigration judge's order, therefore, the order of removal is final.

On July 29, 2026, Petitioner filed this action, claiming a previous custody redetermination hearing on May 26, 2026 violated his due process rights under the Fifth Amendment to the United States Constitution. *See* Pet. [Doc. No. 1] at 13. As relief, Petitioner seeks, in relevant part, release from custody, or, in the alternative, an individualized bond hearing.

[1] No immigration judge made a finding as to Petitioner's eligibility for release on bond at either of the hearings on his prior custody redetermination requests.

## II. Discussion

The Magistrate Judge recommended that the Court deny habeas relief as Petitioner's due process rights were not violated as no previous custody redetermination occurred in Petitioner's case. Furthermore, the Magistrate Judge found that Petitioner's detention was mandated under 8 U.S.C. § 1231(a)(2).[2]

Petitioner does not object to the Magistrate Judge's findings and conclusions that his procedural due process rights were not violated as no custody redetermination had occurred in the case. *See* Obj. [Doc. No. 11] at 2. Accordingly, the Court finds that Petitioner has waived review of such issues. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). Upon review, the Court fully concurs with the analysis of the Magistrate Judge as to those issues.

Petitioner objects solely on the basis that the Magistrate Juge erred in finding that his detention was governed by 8 U.S.C. § 1231(a)(2) at the time of the R&R being entered. *See* Obj. [Doc. No. 11] at 2-3. While the Petitioner is correct that the Magistrate Judge incorrectly calculated Petitioner's length of detention under 8 U.S.C. § 1231(a)(1), Petitioner has not brought a claim as to the lawfulness of his continued detention after a final order of removal has been entered against him. *See* Obj. [Doc. No. 11] at 7 ("The original Petition principally challenged the constitutional adequacy of custody procedures

[2] Although not raised as an issue in the Petition, the Magistrate Judge addressed the basis for Petitioner's detention as Respondents asserted that Petitioner's detention was lawful under § 1231. *See* R&R [Doc. No. 10] at 6-8.

allegedly employed before the entry of Petitioner's final order of removal."). The claim raised in the Petition is therefore subject to denial.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED to the extent it finds that Petitioner has failed to set forth a procedural due process claim. The Petition [Doc. No. 1] is DENIED.

A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of November, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[3] To the extent Petitioner seeks to pursue claims relating to his detention after his order of removal became administratively final, Petitioner may pursue such claims in a future action if circumstances entitle him to such relief at that time.